# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS RUFUS NOCK | : CIVIL ACTION |
| v. | : |
| COMMONWEALTH OF PENNSYVLANIA and PA STATE BOARD OF PHARMACY | : NO. 18-1531 |

## MEMORANDUM

SAVAGE, J.                                                                            APRIL 18, 2018

Plaintiff Thomas Rufus Nock, acting *pro se*, brings this civil action against the Commonwealth of Pennsylvania and the Pennsylvania State Board of Pharmacy (Board). He claims that he was discriminated against based on his race when the Board failed to reinstate his pharmacist license in the wake of his conviction for federal drug crimes. For the following reasons, we will grant Mr. Nock leave to proceed *in forma pauperis* and dismiss the complaint with prejudice.

## *FACTS*[1]

In 1993, Mr. Nock, who once worked as a pharmacist, pled guilty in this court to conspiracy to possess controlled substances with the intent to distribute, and two counts of distribution of controlled substances outside the course of accepted professional pharmacy practice. *See United States v. Nock*, E.D. Pa. Crim. A. No. 92-00666-1. He was sentenced to a term of four years of imprisonment, four years of supervised release, and fines. As a result of his convictions, his pharmacist's license was automatically suspended on January 6, 1994, for a period of ten years in accordance with state law.

---

[1] The facts are taken from the Complaint and attachments to the Complaint.

In 1999, six years into his suspension, Mr. Nock filed a "Petition for Relief from Automatic Suspension of Pharmacy License." (Compl. ECF No. 2 at 7.)[2] The Board held a hearing on Mr. Nock's petition on May 1, 2000. On November 28, 2000, the Board of Pharmacy denied Mr. Nock's petition.

Mr. Nock, who is African-American, claims that he was discriminated against when the Board of Pharmacy subjected him to the automatic ten-year suspension period because he was treated less favorably than a white pharmacist, Neil Liebergall. According to the Complaint, in 1994, Mr. Liebergall pled guilty to conspiracy to distribute controlled substances in an unrelated criminal case and was sentenced to eighteen months in prison. *Id.* Mr. Nock alleges that Mr. Liebergall's license was not automatically suspended for ten years, but was "placed on inactive status by the State Board of Pharmacy." *Id.* In Mr. Liebergall's case, the Board "applied a discretionary statute" such that "Mr. Liebergall's pharmacy license was under active suspension for only 2 ½ years." *Id.* at 7-8.

Mr. Nock explains that "[g]iven the Board's discretionary decision regarding Mr. Liebergall's reactivated pharmacy license, [he] requested a hearing with the Board for consideration to reactivate his pharmacy license prior to the ten year waiting period." *Id.* at 8. However, his petition was unsuccessful. Indeed, the Board specifically rejected Mr. Nock's argument that he is entitled to relief based on its treatment of Mr. Liebergall. *Id.* at 43. In 2004, after a hearing, the Board decided to reinstate Mr. Nock's license provided that he "retake[s] and pass[es] the NAPLEX exam over again as well as the State law exam regarding Pharmacy." *Id.* at 8-9. In his complaint, Mr. Nock does not allege any facts about what occurred after 2004.

---

[2] We use the pagination assigned to the Complaint by the CM-ECF system.

On April 12, 2018, Mr. Nock filed this action claiming race discrimination. The Complaint indicates that Mr. Nock seeks to bring claims under Title VII, which prohibits discrimination in employment, and for violation of his Equal Protection rights, presumably pursuant to 42 U.S.C. § 1983. Mr. Nock states that "[t]he question presented to this court is whether [he], an African American pharmacist, who had a federal drug conviction, should have had his automatically-suspended pharmacy license reinstated by the State Board of Pharmacy prior to the ten year statutory waiting period, when another pharmacist, white, convicted on an unrelated felony federal drug charge, who was not required to lose his pharmacy license for the same statutory ten-year waiting period." Compl. at 7. He seeks to "make the State Board of Pharmacy compensate [him] for damages their decision to discriminate against [him] has caused, . . . and restore [his] ability to earn a living as a licensed pharmacist in the state of Pennsylvania like Mr. Liebergall." *Id.* at 9.

### *STANDARD OF REVIEW*

Because it appears that he is not capable of prepaying the fees to commence this civil action, we grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires a court to dismiss a complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Consequently, we must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory allegations do not suffice to state a claim. *Id.* Additionally, we may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the pleading. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Because Mr. Nock is proceeding *pro se*, we must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## DISCUSSION

Mr. Nock raises race discrimination claims under Title VII and the Equal Protection Clause of the Constitution. Title VII prohibits an employer from discriminating against an employee based on, among other things, the employee's race. *See* 42 U.S.C. § 2000e-2(a). The statute has no application to this case, which does not raise any allegations of race discrimination in the context of an employer-employee relationship.

Mr. Nock's constitutional claim fails. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Commonwealth and its agencies, including the Board of Pharmacy, which is part of the Pennsylvania Department of State, are entitled to Eleventh Amendment immunity from § 1983 claims. Furthermore, they are not considered "persons" for purposes of the statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *see also* 71 Pa. Cons. Stat. §

62. Thus, Mr. Nock cannot bring § 1983 claims against the Commonwealth and the Board.

In any event, his claims are time-barred. Pennsylvania's two-year statute of limitations applies to § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period begins to run "when the plaintiff knew or should have known of the injury upon which [his] action is based." *See Sameric Corp. of Del., Inc. v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir. 1998). Here, it is apparent from the face of the complaint that Mr. Nock knew the bases for his claims in 2000 and 2004, when he was allegedly discriminated against by the Board. He did not bring this lawsuit until 2018, more than a decade later. Therefore, the statute of limitations bars his claims.

## *CONCLUSION*

For the foregoing reasons, we must dismiss Mr. Nock's Complaint. Because he cannot cure the defects in his claims, Mr. Nock will not be given leave to file an amended complaint.